*C. A. Taber,* (*G. F. Tucker* with him,) for the plaintiff.
*E. B. Powers,* for the defendants.

---

FREDERICK L. AMES & others, executors, *vs.* BENJAMIN F. BROOKS, trustee, & another.

Suffolk.    Nov. 18, 1886. — Jan. 8, 1887.    HOLMES & GARDNER, JJ.,
                              absent.

A. and B. executed a written agreement, by the terms of which certain securities were to be placed in the hands of C. for collection; if a certain sum with interest, which was less than the amount of certain promissory notes held by A. and indorsed by B., was paid by B. to A. on or before a day named, A. was to assign to B. all his rights in the securities, and C. was to hold the securities for B., and all sums collected on them were to belong to B.; if B. did not pay the sum stated to A. on or before the day named, C. was to apply the sums collected on the securities to the payment of the amount due upon the notes, and account to B. for the surplus. A. also covenanted that, if said sum was paid to him on or before the day named, he would not sue B. upon the notes. B. did not pay the sum named in the agreement within the time therein specified. Afterwards C. collected a certain sum upon the securities held by him, and paid to A. a sum which was less than the amount due upon the notes. *Held*, on a bill in equity by A. against B. and C. to enforce the trust created by the agreement, that time was of the essence of the contract; that oral evidence was inadmissible to show any intention or understanding of the parties other than that expressed in the contract; and that A. had not lost his right to have the money collected upon the securities applied in payment of the notes, by not demanding payment of B. or bringing suit against him upon the notes.

BILL IN EQUITY, filed November 27, 1885, by the executors of the will of Oliver Ames, against Benjamin F. Brooks and Thomas Clark, to enforce the performance of a trust. At the hearing, before *Holmes,* J., the following facts appeared:

On December 30, 1878, the defendant Clark was an indorser of two promissory notes, held by the plaintiffs, one for $2500, dated March 23, 1874, and payable four months after date, and the other for $3000, dated July 18, 1874, and also payable four months after date, both signed by the Clark Woollen Company. The plaintiffs held as collateral security certain notes and certificates of indebtedness, with interest coupons attached, signed by the receivers of the Alabama and Chattanooga Railroad Company. On the day above mentioned, the plaintiffs and Clark entered into a written agreement, which provided that, if Clark should pay the plaintiffs on or before June 23, 1879, the sum of $5000, with interest thereon from December 30, 1878, they would not "sue, arrest, or molest" Clark on account of either of the promissory notes for $2500 and $3000, and would deliver to Clark the receivers' certificates of indebtedness, coupons, and notes, and any sums collected thereon in the mean time, after deducting the expense of collection. The agreement also contained this clause :

"It is also agreed that Benjamin F. Brooks, Esquire, shall hold said certificates and coupons, and said receivers' notes, and collect the same ; and, if said sum of five thousand dollars and interest be paid as aforesaid, all such collections shall, after deducting the expense thereof, belong to said Clark, his executors, administrators, or assigns ; but if said sum of five thousand dollars be not paid as aforesaid, then the said Brooks shall collect said certificates and coupons, and said receivers' notes, as far as he can, and from the proceeds of the collection thereof or thereon pay to said executors the amount then due on said notes so signed by the Clark Woollen Company, and the expenses paid by said executors in their efforts to collect the same, and any surplus of what may remain of what shall be collected on said receivers' notes and said certificates of indebtedness and coupons shall be paid to said Clark, his executors, administrators, and assigns, and also the uncollected certificates, coupons, and receivers' notes to be delivered to him or them, if any ; or if said notes of the Clark Woollen Company, and the interest thereon, and said expenses paid by said executors in their efforts to collect the same shall be otherwise paid, then, upon payment thereof, said receivers' notes and

certificates and coupons, and what shall be collected thereon, shall be delivered over to said Clark, his executors, administra- tors, and assigns."

The defendant Brooks accepted the trust created by said instrument, and received the receivers' certificates and notes mentioned therein, in trust, to be by him collected and applied in the manner therein provided for. He collected and received upon said receivers' certificates and notes the sum of $13,367.20, and, on June 26, 1884, he paid to the plaintiffs therefrom the sum of $6647.50.

At the time of such payment to the plaintiffs by Brooks, there was due to them upon the notes of the Clark Woollen Company, mentioned in said agreement, the sum of $8715, being $2067.50 more than Brooks paid to them.

The defendants offered to show, that, although the time for the payment of the sum of $5000 by Clark was fixed in said agreement as on or before June 23, 1879, it was not the under- standing or intention of the parties to the agreement that the time of payment should be strictly observed by Clark, in order that he should be entitled to the benefits of the contract; and, among other things, offered to show that, at the time when said agreement was executed, the maker of said notes, and the defendant Clark, who was an accommodation indorser of said notes, were insolvent; that the plaintiffs looked to the receivers' notes and certificates, which they held as collateral security, for the payment of said notes of $2500 and $3000; that said receiv- ers' notes and certificates could only be realized upon through a suit or suits thereon; that the purpose of said agreement was to put said receivers' notes and certificates in the hands of the defendant Brooks, who was Clark's attorney, for collection by suit, and that it was expected by all parties that such suit would be determined prior to June 23, 1879; that a decree in favor of the validity of said receivers' notes and certificates was in fact obtained about June 21, 1879, but an appeal was taken from such decree to the Supreme Court of the United States, and, in consequence of such appeal, said receivers' notes and certificates were not realized upon until just prior to June 26, 1884, when said decree was affirmed by the Supreme Court of the United States; that Brooks paid to the plaintiffs the sum

of $5000, and interest from December 28, 1878; that Clark's services were essential to recovery upon the said receivers' notes and certificates, which fact was largely the inducement for the making of said agreement by the plaintiffs; and that at no time after the execution of said agreement, and prior to actual recovery upon said notes and certificates, namely, just prior to June 26, 1884, did the plaintiffs make any demand upon either of the defendants for payment of said notes for $2500 or $3000, although a period of about three years elapsed between June 23, 1879, and the time of said recovery.

It was admitted that there was no mistake in the language used in the agreement; and the judge ruled that the defendant Clark, having failed to make the payment of $5000 within the time fixed by the terms of the contract, was not entitled to the benefits thereof; that the time of payment was of the essence of the contract; that the evidence offered by the defendants to show any other intention or understanding of the parties to the contract was inadmissible; and that the words of the contract were conclusive as to the time.

The defendants also contended that the silence of the plaintiffs, during the period of three years after the expiration of the time fixed for payment, and until actual recovery was had upon said receivers' notes and certificates, the plaintiffs meanwhile keeping themselves informed as to the progress of said suit, amounted in law to a waiver by the plaintiffs of a strict compliance with the literal terms of the contract as to the time of payment of said $5000; and that the payment of said sum, with interest, within a reasonable time after recovery was had upon said notes, was in equity a compliance with the terms of said contract, and entitled the defendants to the benefits of the contract.

The judge ruled that such facts did not constitute a waiver, and that the payment was not a sufficient compliance in equity with said contract on the part of Clark; and a decree was entered, ordering the defendant Brooks to pay to the plaintiffs the sum of $2067.50, and interest thereon from June 26, 1884, being the balance of the amount appearing to be due upon said notes of $2500 and $3000 respectively, over and above the sum formerly paid by Brooks to the plaintiffs. The defendants

348

alleged exceptions, and also appealed from the decree to the full court.

*H. G. Nichols*, for the defendants.

*J. H. Benton, Jr.*, for the plaintiffs.

W. ALLEN, J. By the agreement, to which the defendant Brooks was not a party, certain securities were to be placed in his hands for collection; if $5000 with interest should be paid by the defendant Clark to the plaintiffs on or before a certain day, the plaintiffs should assign to Clark all their right and interest in the securities, and Brooks should hold the securities for Clark, and all sums collected on them should belong to him; if Clark should not pay $5000 to the plaintiffs on or before the day named, Brooks should apply the sums collected on the securities to the payment of the amount due upon certain notes held by the plaintiffs, on which Clark's name appeared as an indorser, and should account to Clark for the surplus. The plaintiffs also covenanted that, if the $5000 was paid to them on or before the day named, they would not sue Clark upon the notes.

The intention of the parties, as expressed in the agreement, is plain. Time was of the essence of the contract. The trust upon which the securities were to be held was made to depend upon the fact of the payment or non-payment of the money within the time fixed. If it was paid as provided, they were to be held for Clark; if not, they were to be held to pay the notes to the plaintiffs; there was no other trust for the plaintiffs. The payment of the money as provided was the condition upon which the trust for Clark (except as to the surplus after the full payment of the notes) was to arise, and upon which the covenant not to sue was to become operative. Parol evidence is not competent to vary this plainly expressed intention of the parties.

The plaintiffs, by not demanding payment of Clark or bringing suit against him upon the notes, did not lose their right to have the moneys which were collected upon the securities applied in payment of the notes. They had a right to wait until the trustee had received moneys which he could apply on the notes. The facts offered to be proved, that they knew of the progress of the collections upon the securities, and that Clark

and the makers of the notes were insolvent, and that the plain-tiffs expected that payment would be made from the moneys received from the securities, do not preclude them from enforcing their rights against the trustee.

*Exceptions overruled. Decree affirmed.*